UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BLACKSTONE HEADWATERS COALITION, INC.,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>GALLO BUILDERS, INC.,<br>ARBORETUM VILLAGE, LLC,<br>STEVEN A. GALLO, and<br>ROBERT H. GALLO<br>　　　　　　　Defendants | CIVIL ACTION<br>No. 4:16-cv-40053 |

**DECISION AND ORDER ON DEFENANT ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF DILIGENT PROSECUTION**
September 30, 2018

**HILLMAN, DJ.**

### Introduction

Plaintiff Blackstone Headwaters Coalition, Inc., ("Plaintiff") a non-profit membership organization, brings this action against the defendants, Gallo Builders, Inc., Arboretum Village, LLC, Steven A. Gallo and Robert H. Gallo ("Defendants"). Plaintiff filed its Complaint under the citizen suit provision of the CWA, 33 U.S.C. § 1365, on May 6, 2016, alleging that Defendants were violating the CWA at the Site by failing to comply with the United States Environmental Protection Agency's National Pollutant Discharge Elimination System ("NPDES") General Permit for Discharges from Construction Activities ("CGP"), by regularly discharged sediment-laden stormwater to tributaries of the Blackstone River

Defandants move for summary judgment, contending that this citizen action is barred because the state has commenced and is diligently prosecuting the action under comparable state law. Plaintiff moves for summary judgment, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, that this action is not barred by the "diligent prosecution" provision of Section 309(g)(6)(A)(ii) of the Federal Clean Water Act ("CWA"), 33 U.S.C. § 1319(g)(6)(A)(ii).

## Discussion

A citizen suit under the Clean Water Act is barred when "a State has commenced and is diligently prosecuting an action under a State law comparable to" the administrative penalties subsection of 33 U.S.C. § 1319. *See* 33 U.S.C. § 1319(g)(6)(A)(ii); *see also* 33 U.S.C. § 1365(a) (authorization to commence a citizen suit except as provided in § 1319(g)(6)). As explained by the First Circuit, "[t]he primary function of the provision for citizen suits is to enable private parties to assist in enforcement efforts where Federal and State authorities appear unwilling to act." *North and South Rivers WatershedAss'n, Inc. v. Town of Scituate,* 949 F.2d 552, 555 (1st Cir. 1991); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 62, 108 S.Ct. 376 (1987). ("the bar on citizen suits when governmental enforcement action is under way suggests that the citizen suit is meant to supplement rather than to supplant governmental action.").

In *North and South Rivers*, the Court held that a "high degree of deference [should be] accorded analogous and diligently enforced governmental action." *North and South Rivers Watershed Ass'n., Inc*. 949 F.2d at 557. Diligent prosecution exists and the citizen suit is barred, even if "violations may continue despite everything reasonably possible being done by the State and [and defendant] to correct them." *Id*. at 558. Instead, where a state order "represents a substantial, considered and ongoing response to the violation ... the DEP's enforcement action

2

does in fact represent diligent prosecution." *Id*. at 557. The State is entitled to make its own informed decisions about the best possible remedial measures. "[M]erely because the State may not be taking the precise action [the plaintiff] wants it to or moving with the alacrity [the plaintiff] desires does not entitle [the plaintiff] to... relief." *Id*. at 558. The diligent prosecution bar "does not require government prosecution to be far-reaching or zealous," or to achieve compliance as quickly as citizens might wish. *See Pitroff v. U.S.,* 2017 WL 3614436, at *6 (D.N.H. Aug. 22, 2017) *citing Karr v. Hefner,* 475 F.3d 1192, 1197 (10th Cir. 2007).

The circumstances of this case demonstrate ongoing diligent prosecution. The DEP has jurisdiction over the Site under the Massachusetts Clean Water Act, the Massachusetts Surface Water Quality Standards, and the Massachusetts Wetlands Protection Act. Those statutes and the regulations promulgated thereunder invest the DEP with enforcement powers, which are specifically administered by the Wetlands Section of the Bureau of Water Resources within the Central Region of the DEP.

The DEP has exercised its enforcement powers with respect to the Site. On June 21, 2013, the DEP issued a Unilateral Administrative Order ("UAO") alleging stormwater violations from the Site. The UAO set forth specific facts outlining DEP investigatory measures taken in June of 2013. The UAO further set forth specific obligations required of Arboretum Village, LLC in order to bring the Site into statutory and regulatory compliance.

The UAO was timely appealed to the DEP Division of Appeals and Dispute Resolution pursuant to statute. The UAO and its appeal were prosecuted in accordance with DEP and state administrative law requirements. The matter was settled by agreement. Arboretum Village, LLC and the DEP jointly executed an Administrative Consent Order with Penalties on September 5, 2014 and November 4, 2014 respectively ("ACOP"). The ACOP was presented to the

administrative law judge for approval. On December 22, 2014, the ACOP was approved and published by the DEP.

The ACOP imposed on a series of enforceable obligations on Defendants designed to bring the Site into compliance and to maintain compliance and promulgated standards to measure compliance. The ACOP reserved to the MassDEP a full set of enforcement vehicles for any instances of future non-compliance and contained a penalty provision for any violation. The DEP executed, adopted and approved the ACOP in November 2014. Further DEP staff has monitored the Site and has collected data and analysis from the Defendants, from Defendants' outside engineers and from municipal sources on an ongoing basis since the UAO in June of 2013.

Because the cumulative actions of the MassDEP forming the basis of a substantial, considered and ongoing response to the violation, this Court finds that the DEP's enforcement action does represent diligent prosecution. *See North and South Rivers*, 755 F. Supp. at 487.

## Conclusion

Defendants' Motion for Summary Judgment (Docket No. 68) is **granted in part,** as to the issue of diligent prosecution only, and Plaintiff's Motion for Summary Judgment as to the issue of diligent prosecution (Docket No. 71) is **denied**.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**