UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE BLACKSTONE HEADWATERS COALITION, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>GALLO BUILDERS, INC., )<br>ARBORETUM VILLAGE, LLC, )<br>STEVEN A. GALLO, )<br>and ROBERT H. GALLO )<br>Defendants. ) | CIVIL ACTION<br>No. 16-40053-TSH |

**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION (Docket No. 80)**
**October 31, 2018**

**HILLMAN, DJ.**

Plaintiff, The Blackstone Headwaters Coalition ("Blackstone"), brings this action under the citizen suit provision of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*. ("Clean Water Act," or "CWA"), alleging that Gallo Builders, Inc, and owners Steven Gallo and Robert Gallo ("Defendants") were violating the CWA at the residential construction development site, Arboretum Village Estates ("Site") in Worcester, Massachusetts. Count I of the Complaint alleges liability by reason of a failure by Gallo Builders, Inc., as an operator, to obtain a permit titled Construction General Permit ("CGP"). Count II alleges liability by reason of violations of the CGP obtained by or on behalf of Arboretum Village, LLC and violations of the CWA.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Following a hearing on the matter, I issued an Order denying the motion and instructed the parties to proceed with discovery limited to the issue of diligent prosecution by the Massachusetts

Department of Environmental Protection. (Docket Nos. 41 (Order on the Motion to Dismiss) & 47 (Order on Plaintiff's Motion for Clairfication). Following discovery, the parties both filed motions for summary judgment. I denied Plaintiff's motion and granted Defendants' motion on the issue of diligent prosecution.

Plaintiff followed with a Motion for Clarification (Docket No. 80), and requested that the Court clarify the Order by specifying whether the DEP is diligently prosecuting under a state law comparable to the CWA or if it is subsumed within the broader issue of diligent prosecution. In pertinent part, the CWA instructs that "any violation … with respect to which a State has commenced and is diligently prosecuting an action under a State law comparable to this subsection … shall not be the subject of a civil penalty action under subsection (d) of this section or section 1321(b) of this title or section 1365 of this title." 33 U.S.C. 1319(g)(6)(ii). Further, that the CWA has a comparable state law in the Massachusetts Clean Waters Act is well established in this District. *See* M.G.L. c. 21, § 44. *Accord*, *North and South Rivers Watershed Ass'n, Inc. v. Town of Scituate*, 949 F.2d 552, 555-556 (1st Cir. 1991) (affirming that order issued by Mass DEP to town with regard to discharge of overflow sewage pursuant to Massachusetts Clean Waters Act constituted "comparable action," in determining whether citizen suit under federal Clean Water Act was barred).

For the foregoing reasons, Plaintiff's Motion for Clarification is **granted**, and my Memorandum of Decision and Order (Docket No. 79) is hereby amended to provide that Count II is dismissed and Count I remains with regard to the CGP only.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE