UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BLACKSTONE HEADWATERS COALITION, INC., <br><br> Plaintiff, <br><br> v. <br><br> GALLO BUILDERS, INC., <br> R.H. GALLO BUILDERS, INC. <br> ARBORETUM VILLAGE, LLC, <br> STEVEN A. GALLO, <br> and ROBERT H. GALLO <br><br> Defendants. | CIVIL ACTION <br> No. 16-40053-TSH |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**
December 14, 2023

**HILLMAN, S.D.J.**

Plaintiff, The Blackstone Headwaters Coalition ("Blackstone"), brings this action under the citizen suit provision of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("Clean Water Act," or "CWA"), alleging that Gallo Builders, Inc., and owners Steven Gallo and Robert Gallo ("Defendants") were violating the CWA at the residential construction development site, Arboretum Village Estates ("Site") in Worcester, Massachusetts. Count I of the Complaint alleges liability by reason of a failure by Gallo Builders, Inc., as an operator, to obtain a permit titled Construction General Permit ("CGP"). Count II alleges liability by reason of violations of the CGP obtained by or on behalf of Arboretum Village, LLC and violations of the CWA.

Procedural Background

Defendants filed a motion to dismiss in 2016 and then a motion for summary judgment in 2017. This Court ruled in favor of the Defendants and granted their motion for summary judgment in 2018 as to Count 2 in Plaintiff's original Complaint and then as to Count 1 in 2019, while simultaneously denying Plaintiff's cross-motion for summary judgment. Plaintiff subsequently appealed. In 2021 and 2022, the First Circuit Court of Appeals reversed the allowance of summary judgment for Defendants on Count I and reversed the allowance of summary judgment for Defendants on Count II as to Plaintiff's request for declaratory and injunctive relief. Also as to Count II, the First Circuit held that Plaintiff could not pursue civil penalties against Defendants, affirming this Court's ruling that MassDEP's monitoring of Defendants' compliance with the terms of the 2014 ACOP constituted an ongoing diligent prosecution under a comparable state law for the same violations alleged in Plaintiff's Count II.

Discovery resumed in August 2022, and closed on September 1, 2023. Before the close of discovery, Plaintiff filed a Motion to Amend on March 15, 2023, seeking to add RH Gallo Builders, Inc. as a Defendant. That motion was granted on April 7, 2023. Plaintiff's First Amended Complaint (FAC) was filed on April 10, 2023. Plaintiff filed a motion to amend the scheduling order on May 17, 2023, which the Court granted on May 18, 2023. On May 31, 2023, Defendant permitted Plaintiff a Rule 34 inspection of the Site. Amended Pleadings were due by August 1, 2023, and the deadline for fact discovery was September 1, 2023. Plaintiff filed this motion to amend on August 1, 2023.

Plaintiff now seeks to amend its FAC pursuant to Fed.R.Civ.P. 15(c)(1)(B) to add additional alleged violations by Defendants of the CGP that were revealed during discovery: (a) failure to complete site inspection reports; (b) failure to develop a complete Stormwater Pollution Prevention Plan ("SWPPP"); (c) improper use of a stormwater conveyance for washout

2

of concrete; (d) improper use of flocculant, and (e) failure to keep inspection reports at the Site. Plaintiff also seeks to supplement the FAC with a new claim seeking civil penalties that encompass violations of the CGP that allegedly occurred after the December 19, 2019, end to the MassDEP's prosecution of Defendants. Plaintiff asserts that these violations sufficiently relate back to its original Complaint and that justice so requires that the Court allow their addition. Fed.R.Civ.P. 15(a)(2).

Defendants oppose the motion to amend and assert that the new allegations were not included in Plaintiff's pre-filing letter and thus are barred. Defendants further argue all new allegations are barred by the terms of CWA citizen suit provision, on the basis that the terms of the provision only allow suits for effluent violations and that many of the allegations are time-barred.

Standard of Review

Under the Federal Rules of Civil Procedure 15(a)(2), leave to amend a complaint shall be granted "freely . . . when justice so requires." The grant or denial is within the discretion of this Court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). Leave should be freely given absent an apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment ...." *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir.2015) (*quoting Foman*, 371 U.S. at 182, 83 S.Ct. 227). A district court enjoys significant latitude in deciding whether to grant leave to amend. *See ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008).

An amendment to a pleading must relate back to be allowed outside the statute of limitations. Fed.R.Civ.P. 15(c)(1)(B). An amendment relates back when that amendment "asserts

a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). Amendments should be "freely given… when justice so requires." Fed.R.Civ.P. 15(a)(2). There is no enumerated statute of limitations in the CWA, but the federal default is five years as set forth at 28 U.S.C. § 2462. *See U.S. Public Interest Research Group v. Atlantic Salmon of Maine, LLC*, 257 F. Supp. 2d 407, 426 (D. Me. 2003),

## Discussion

### Motion to Amend the Complaint by Adding Three Violations of the CGP to Count II

Plaintiff seeks to amend Count II of its FAC by adding three violations made known to it during discovery and contends that these alleged violations could not have been revealed prior to discovery. Defendants' primary argument[1] is that they were not sufficiently put on notice. Defendants assert that the new allegations were not included in Plaintiff's pre-filing letter and thus, those allegations should be barred. Plaintiff concedes that allegations (b)-(d)[2] were not specified in its initial pre-suit notice letter to Defendants and withdrew its motion as to those alleged violations. Plaintiff disputes however, that the allegations (a) failure to complete inspection reports and (e) failure to keep inspection reports at the Site are barred and seeks to amend the complaint to include these. The pertinent issue  here is whether Defendants were put

---

[1] Defendants also contend that all new allegations are barred by the terms of the CWA citizen suit provision, on the basis that the terms of the provision only allow suits for effluents. Id. at 2. However, 33 U.S.C. § 1365(f)(7) defines "effluent standard or limitation" as simply "a permit or condition of a [CWA permit]." *See also* 40 C.F.R. § 122.41(a) ("Any permit noncompliance constitutes a violation of the Clean Water Act and is grounds for enforcement action"). Therefore, effluent standards are not as narrowly defined as Defendants claim and the new allegations are not barred by the terms of the CWA. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 174 (2000) ("Noncompliance with a permit constitutes a violation of the Act. … Under § 505(a) of the Act, a suit to enforce any limitation in an NPDES permit may be brought by any 'citizen'…").
[2] Plaintiff's allegations (b)-(d): (b) violations concerning deficiencies in Defendants' SWPPP; (c) improper use of a stormwater conveyance for washout of concrete; and (d) improper use of flocculant.

on notice of the allegations contained in (a), (e), and Count 3 of the proposed Second Amended Complaint.

      Plaintiff asserts that no undue prejudice exists as the violations are based on what Defendants failed to produce in discovery, or on plain CGP violations documented at the Rule 34 site visit. Because there would be no need to re-open discovery and thus no delay, the Court agrees that there is no undue prejudice to Defendants. As to futility, Plaintiff asserts that futility is not an issue because the new allegations do not change its complaint's ability to state a claim upon which relief can be granted as required under Fed.R.Civ.P. 12(b)(6). As to the addition of "(a) failure to complete inspection reports," Plaintiff points to the Defendants' inspection reports that they produced on March 13, 2023, or a lack thereof, as evidence of missing inspection reports. As to the "(e) failure to keep required inspection reports at the Site," Plaintiff states that this was revealed during its May 31, 2023, Rule 34 visit to the Site.

      Defendants point the Court to 40 C.F.R. § 135.12(a)'s notice requirements, which relevantly include "sufficient information to permit the recipient to [1] identify the specific standard, limitation, or order alleged to have been violated, [and] [2] the activity alleged to constitute a violation… ." Relying on *Waterkeepers of Northern Cal. v. AG Industrial Mfg., Inc.* Defendants argue that section (a) is the critical portion of the regulation 375 F.3d 913, 916 (9th Cir. 2004) ("[t]he key language in the notice regulation is the phrase 'sufficient information to permit the recipient to identify the alleged violations and bring itself into compliance.'"). Defendants contend that because Plaintiff's prefiling letter did not specifically mention failures to maintain inspection reports or failures to keep inspection reports at the Site, they were not on notice.

Before filing a lawsuit, a citizen plaintiff must provide the alleged violator with a 60-day notice of intent to sue. *See* 33 U.S.C. § 1365(b)(1)(A) ("No action may be commenced… prior to sixty days after the plaintiff has given notice of the alleged violation… to any alleged violator of the standard, limitation, or order…"). The pre-filing notice is "a mandatory, not optional, condition precedent for suit." *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989).

Plaintiff contends that Defendants' assertion that (a) and (e) require notice by pre-filing letter is incorrect because the (a) and (e) violations are implicit in a violation that Plaintiff did specifically note in its initial pre-filing letter and initial complaint: that Defendants were failing altogether to perform site inspections. The First Circuit has stated that they "conduct a 'functional, fact-dependent, and case-specific inquiry' as to whether the information provided in the notice 'allows the putative defendants to identify and remedy the alleged violations.'" *Cebollero-Bertran v. Puerto Rico Aqueduct and Sewer Authority,* 4 F.4th 63, 76 (1st Cir. 2021).

The Court finds Defendants' argument unpersuasive. Defendants assert that because the pre-filing letter was not sufficiently specific to inform them of the violations and therefore, give them adequate notice. As noted in *Waterkeepers*, relied on by Defendants, "[t]he point of the Act's notice requirement is not to prove violations," *Waterkeepers*, 375 F.3d at 920, rather the newly alleged violations must only be "sufficiently related" to the original alleged violations to put Defendants on notice. *See Public Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 50 F.3d 1239, 1248-249, 1251-1252 (3rd Cir. 1995) ("Hercules"). More specifically, the requirement in 40 C.F.R. § 135.12(a) that notice "include sufficient information to permit the recipient to identify the specific standard" is met here by the Plaintiff's conditional argument that a failure to inspect results in a failure to maintain and complete associated reports of that inspection. Defendants were put on notice that Plaintiff could sue regarding Defendants' alleged

6

failure to complete inspection reports and keep them at the Site because that failure necessarily stems from Defendants' alleged failure to inspect the Site in the first place, and that allegation was included the initial pre-filing letter. Without inspections of the Site, there cannot be legitimate Site inspection reports.

The parties concede that while there is no statute of limitations within the CWA, courts have held that the federal default limitations period of five year applies to CWA claims. *U.S. Pub. Int. Research Grp. v. Atl. Salmon of Me.*, LLC, 257 F. Supp. 2d 407, 426 (D.Me. 2003). Defendants argue that many of the additional violations occurred more than five years ago and are therefore time-barred, but the Court agrees with the Plaintiff that the doctrine of equitable tolling applies. *Gonzalez v. United States*, 284 F.3d 281, 291 (1st Cir. 2002) ("The doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit."). The Court finds that the Plaintiff has been pursuing its rights diligently and that it could not have discovered some of the information earlier in the litigation. *See id*. To the extent that more than five years have passed since the violations occurred, the statute of limitations is tolled.

There is no suggestion in this case that Plaintiff has a dilatory motive or has acted in bad faith in moving to amend the FAC. *See Foman*, 371 U.S. at 182. Furthermore, allowing this amendment will not cause undue delay or prejudice to the Defendants, as no additional discovery will be needed, and the scheduling order will not be impacted. Plaintiff's motion for leave to amend to add allegations (a) and (e) are allowed as necessarily following from a failure to inspect the Site is granted.

Motion to Amend by Supplementing the Complaint to add a Third Claim

Plaintiff also moves to supplement the Complaint by adding a third claim, Count III, seeking civil penalties that encompasses violations of the CGP that have allegedly occurred after the MassDEP's prosecution of Defendants ended on December 19, 2019, and thus after the suit was brought. Plaintiff seeks to add this claim to parse out alleged continuing violations after the close of MassDEP's prosecution of Defendants that allow for the assessment of civil penalties. Proposed Count III does not differ substantively from Count II, only by dates and in what Plaintiff seeks in terms of remedy. Plaintiff's position is that since December 19, 2019, MassDEP has not been prosecuting Defendants, and therefore the "diligent prosecution" bar of 33 U.S.C. § 1319(g)(6)(A)(ii) cannot apply; civil penalties may be imposed for Defendants' subsequent violations of the CGP. Plaintiff seeks to add a Count III to the proposed Second Amended Complaint to encompass these violations. Count II encompasses violations prior to December 19, 2019, as to which civil penalties do not apply. Defendants contend that because EPA's 2012 CGP expired on February 16, 2017, they need only maintain records related to their compliance with the CGP until February 16, 2020. According to Defendants, Plaintiff's allegations of CGP permit violations that took place after this date "would be moot."

Fed.R.Civ.P. 15(d) states that courts "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) "promot[es] as complete an adjudication of the dispute between the parties as is possible," 6A Charles Alan Wright et al*., Federal Practice and Procedure* § 1504, at 245 (3d ed.2010)*,* when supplementation is a more efficient method of litigating than filing a separate lawsuit. *See U.S. ex rel. Gadbois v. PharMerica Corp*., 809 F.3d 1, 6-7 (1st Cir. 2015). It follows that supplementation of pleadings is encouraged "when doing so

8

will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Gadbois*, 809 F.3d at 6, *citing* 6A Wright et al., *Federal Practice and Procedure* § 1504, at 258–59.

Here, granting Plaintiff's leave to supplement by adding Count III will not delay resolution of the case. It would not be futile, nor would it prejudice the Defendants. *See Gadbois*, 809 F.3d at 7. As with Plaintiff's proposed amendments, supplementation of the FAC would not require further discovery, revision of the scheduling order or delay the trial. Accordingly, Plaintiff's motion to supplement to add a third claim is granted.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Amend and Supplement the Complaint (Docket No. 200) is **granted**.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE

SO ORDERED.