UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE BLACKSTONE HEADWATERS COALITION, INC.<br><br>Plaintiff,<br><br>v.<br><br>GALLO BUILDERS, INC.,<br>RH GALLO BUILDERS, INC.,<br>ARBORETUM VILLAGE, LLC,<br>STEVEN A. GALLO, AND<br>ROBERT H. GALLO,<br><br>Defendants. | Civil No. 16-cv-40053-MRG |

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

**I.    Introduction**

Plaintiff Blackstone Headwaters Coalition, Inc. ("Plaintiff"), a non-profit membership organization, brings this action against Defendants Gallo Builders, Inc., RH Gallo Builders, Inc., Arboretum Village, LLC, Steven A. Gallo, and Robert H. Gallo (collectively, "Defendants"). Plaintiff filed its Second Amended Complaint under the citizen-suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, on December 15, 2023, alleging that Defendants violated the CWA by failing to comply with the EPA's National Pollutant Discharge Elimination System (NPDES) General Permit for Discharges from Construction Activities (CGP), regularly discharging sediment-laden stormwater to tributaries of the Blackstone River.

Defendants move to dismiss the Second Amended Complaint [ECF No. 224], contending that the Court lacks subject matter jurisdiction because they are not discharging stormwater to

"waters of the United States" within the meaning of the CWA pursuant to the framework adopted in Sackett v. EPA, 598 U.S. 651 (2023). For the reasons that follow, Defendants' motion to dismiss is **DENIED**.

## II.     Legal Standard

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, [] 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995)). "If the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss." Id. The district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor" when ruling on a Rule 12(b)(1) motion. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin, 254 F.3d at 363). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts[.]" Murphy, 45 F.3d at 522 (citations omitted). In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000).

## III.    Discussion

Defendants argue that because they are not discharging to "waters of the United States" ("WOTUS") under the framework adopted in Sackett v. EPA, 598 U.S. 651 (2023), the Court lacks subject matter jurisdiction and must dismiss the case. [ECF No. 229]. In their view, Defendants are only discharging to an isolated wetland that lacks the requisite continuous surface

connection to a WOTUS. Plaintiff plainly opposes these characterizations, arguing that the Court should treat the present motion as a motion for summary judgment, given that the determination of facts relevant to jurisdiction implicate elements of their cause of action. [ECF No. 237].

The CWA regulates the discharge of pollutants into "navigable waters." 33 U.S.C. §§ 1311, 1344. The statute defines "navigable waters" as "waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). The Supreme Court has held that WOTUS "include[] only those relatively permanent, standing or continuously flowing bodies of water forming geographic features that are described in ordinary parlance as streams, oceans, rivers, and lakes." Rapanos v. United States, 547 U.S. 715, 739 (2006) (cleaned up). In Sackett v. EPA, 598 U.S. 651 (2023), the Supreme Court clarified that WOTUS includes traditional navigable waters, "relatively permanent" tributaries of such waters, and wetlands that are indistinguishable from such waters. Id. at 678-79 (citing Rapanos, 547 U.S. at 742).

For a particular wetland or other body of water to be subject to CWA jurisdiction, it must fall within the bounds of the two-part test initially established by the four-Justice plurality in Rapanos and recently adopted in Sackett. This test establishes whether the wetlands are "indistinguishable" from WOTUS. 598 U.S. at 678 (quoting Rapanos, 547 U.S. at 755). First, the wetland must be adjacent to another body of water which independently qualifies as WOTUS, and second, it must have a "continuous surface connection" with the established WOTUS, such that it is "difficult to determine where the 'water' ends and the 'wetland begins.'" Id. at 678-79 (citing Rapanos, 547 U.S. at 755). The Sackett Court rejected the test proposed in Justice Kennedy's Rapanos concurrence, which required only a significant nexus between a property's wetland and adjacent navigable waters. Id. at 679-83.

A. The <u>Sackett</u> Test Does Not Impact the Court's Jurisdiction

We hold that determining the inquiry in question—whether the Honeysuckle Road Outfall discharges to the Blackstone River—does not impact the Court's subject matter jurisdiction over Plaintiff's cause of action. As such, Defendant's motion to dismiss for lack of subject matter jurisdiction is improperly before the Court.

Jurisdiction, it has been observed, "is a word of many, too many, meanings." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 510 (2006) (quoting <u>Steel Co. v. Citizens for Better Env't</u>, 523 U.S. 83, 90 (1998)). "Courts—including [the Supreme Court]—have sometimes mischaracterized . . . elements of a cause of action as jurisdictional limitations, particularly when that characterization was not central to the case, and thus did not require close analysis." <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 161 (2010). This distinction is crucial because subject matter jurisdiction concerns the court's power to hear a case, while elements of a claim go to the merits of whether the plaintiff can ultimately prevail. See <u>Chao v. Hotel Oasis, Inc.</u>, 493 F.3d 26, 33 (1st Cir. 2007); <u>San Francisco Baykeeper v. Cargill Salt Div.</u>, 481 F.3d 700, 709 n.9 (9th Cir. 2007) ("A better statement of the issue would be whether the Pond is within the coverage of the CWA. In any event, the 'jurisdiction' of the CWA has nothing to do with the jurisdiction of this court."). To curb this practice, in <u>Arbaugh v. Y&H Corp.</u>, the Supreme Court provided clear guidance for distinguishing between true jurisdictional requirements and elements of a federal claim, holding that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." 546 U.S. at 516.

In the instant case, Congress has not expressly identified a subject-matter-jurisdiction-based limitation within the CWA. The definition of "navigable waters," 33 U.S.C. § 1362(7),

"does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982). And although the citizen-suit provision refers to the jurisdiction of district courts, 33 U.S.C. § 1365(a), its plain language demonstrates that WOTUS status is not a jurisdictional requirement. Specifically, the citizen-suit provision broadly grants district courts jurisdiction "without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation . . . and to apply any appropriate civil penalties under section 1319(d) of this title." Id. This expansive jurisdictional grant contains no qualifying language making WOTUS status a prerequisite to the court's power to hear the case. Reading WOTUS status as jurisdictional would conflict with the Supreme Court's instruction that Congress must "clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional." Arbaugh, 546 U.S. at 515-16 (establishing "readily administrable bright line" rule). Nothing in the CWA suggests Congress intended the WOTUS requirement to limit courts' subject matter jurisdiction rather than serve as an element of the cause of action.

Further, Defendants' reliance on Sackett and Rapanos v. United States, 547 U.S. 715 (2006), is misplaced because in both cases the Supreme Court's discussion of "jurisdiction" only concerned the jurisdiction of government agencies to enforce the CWA. In Rapanos, the plurality focused on the U.S. Army Corps of Engineers' jurisdictional reach when establishing the standard for defining WOTUS. See 547 U.S. at 731-42. Similarly, in Sackett, the Supreme Court addressed the Environmental Protection Agency's regulatory jurisdiction when refining the WOTUS definition. 598 U.S. at 661, 664-71 (discussing the scope of the EPA's regulatory authority while clarifying WOTUS test). Neither case questioned, let alone limited, district

courts' authority to hear CWA claims.[1] "Instead, Sackett and Rapanos establish that defining a body of water as a WOTUS is more accurately treated as an element of a claim for relief under the CWA." Inland Empire Waterkeeper v. Corona Clay Co., No. 8:18-CV-00333-DOC-DFMx, 2023 WL 8125772, at *2 (C.D. Cal. Oct. 26, 2023).

Further, the First Circuit has consistently treated these Supreme Court decisions as establishing the substantive standards for proving a CWA violation rather than jurisdictional prerequisites. See Paolino v. JF Realty, LLC, 830 F.3d 8, 15-16 (1st Cir. 2016) (treating elements of CWA violation as merits question). For instance, in United States v. Johnson, the First Circuit approached the determination as a substantive element of CWA coverage—whether the federal government could establish jurisdiction over certain sites—not as a threshold jurisdictional question. 467 F.3d 56, 66 (1st Cir. 2006) ("The federal government can establish jurisdiction over the target sites if it can meet either the plurality's or Justice Kennedy's standard as laid out in Rapanos." (emphasis added)). The Supreme Court's recent decision in Sackett did not alter this treatment. Indeed, in that case the Supreme Court only clarified the applicable test for determining a violation under the CWA. Sackett, 598 U.S. at 684 (adopting test in Rapanos' plurality opinion).

### B. Consideration Under Summary Judgment Standard Is Inappropriate

Defendants have styled this motion as one to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In their opposition, Plaintiff maintains we should apply a summary judgment standard given that the determination of facts relevant to jurisdiction implicate elements of their cause of action. However, as established

---

[1] Additionally, the Court has federal question jurisdiction under 28 U.S.C. § 1331. [See ECF No. 213 ¶ 4 ("This Court has jurisdiction over this action under Section 505(a) of the CWA, 33 U.S.C. § 1365(a) (the CWA's citizen suit provision), and 28 U.S.C. § 1331 (federal question jurisdiction).")].

above, the WOTUS determination is an element of a CWA claim rather than a jurisdictional prerequisite. Therefore, there is no actual jurisdictional question for this Court to resolve. See Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 254 (2010) (explaining that subject matter jurisdiction "presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief"); see also Arbaugh, 546 U.S. at 516. Given that no true jurisdictional issue exists, the question of converting Defendants' motion to one for summary judgment under Rule 56 does not arise. A court cannot convert a Rule 12(b)(1) motion to a summary judgment motion where the premise of the 12(b)(1) motion—that the court lacks subject matter jurisdiction—is incorrect as a matter of law. The doctrine permitting conversion of 12(b)(1) motions to summary judgment motions applies only where there is a genuine need to resolve disputed jurisdictional facts. See Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007) (conversion appropriate only where "jurisdictional issue and substantive claims are so intertwined"). Here, because the WOTUS determination is purely an element of the claim, there are no jurisdictional facts to resolve, and thus no basis for conversion. To permit conversion here would effectively allow Defendants to circumvent normal summary judgment procedures merely by incorrectly labeling merits challenges as jurisdictional.[2]

---

[2] Even assuming that Defendants' motion was properly before us, the Court would decline resolving any factual issues. "[W]hile the merits and jurisdictional questions are not identical, they are so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction." United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999); see Intelliclear, LLC v. Victor, No. 3:16cv1403 (JBA), 2016 WL 5746349, at *5 (D. Conn. Oct. 3, 2016).

## IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 224] is **DENIED**.

**SO ORDERED.**

Dated: February 20, 2025

>  */s/ Margaret R. Guzman*
> Margaret R. Guzman
> United States District Judge