UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BLACKSTONE HEADWATERS COALITION, INC. <br><br> Plaintiff, <br><br> v. <br><br> GALLO BUILDERS, INC., <br> RH GALLO BUILDERS, INC., <br> ARBORETUM VILLAGE, LLC, <br> STEVEN A. GALLO, and <br> ROBERT H. GALLO, <br><br> Defendants. | Civil No. 4:16-cv-40053-MRG |

## MEMORANDUM & ORDER

**GUZMAN, J.**

The Court issues the following order clarifying its reasoning for granting Plaintiff's motion in limine to preclude evidence of or reference to a Letter from the U.S. Army Corps of Engineers to Defendants, [ECF No. 312].

In supplement to the reasoning stated at the November 28, 2025 hearing, the Court granted Plaintiff's motion for three primary reasons: First, Defendants did not establish the Letter's relevance under Federal Rules of Evidence Rule 401 because they did not substantiate the Letter with the complete underlying application, and the Court cannot determine what the Army Corps of Engineers' determination was based on or how the Letter relates to this case. Additionally, as Plaintiff details in its motion, there is a dispute as to whether the Letter is a jurisdictional determination by the Army Corps of Engineers or merely a "no permit required" letter. Second,

1

because Defendants have failed to establish relevance, presenting the Letter—on agency letterhead—without any context of what the agency relied on in issuing the Letter creates a risk of misleading the jury and causing unfair prejudice to the Plaintiffs under Rule 403.

Third, the Letter was untimely. This suit was filed in 2016 and discovery in this matter has been closed since September 1, 2023. There have been supplemental disclosures, but the Letter indicates that it is a response to a submission by Jennifer Kurzon, a former attorney of the Defendants, made on November 6, 2025—less than 30 days before the start of trial. While Federal Rule of Civil Procedure 26(e) requires parties to supplement its disclosures, it does not contemplate the production of new evidence on the eve of trial with insufficient time to conduct discovery into the new evidence. There is no reason the Defendants could not have sought input from the Army Corps of Engineers prior to the eve of trial. Plaintiff is entitled to know the full details of what the Defendants submitted to the Army Corps and to provide time for additional discovery on this matter would unduly delay the case.

As a final point, the Court disagrees with Defendants that "the Army Corps has the final word" on a determination of what constitutes "Waters of the United States" ("WOTUS") in a citizen suit under the Clean Water Act. [See ECF No. 312-1].

First, the Letter is not entitled to Skidmore deference. See Skidmore v. Swift & Co., 323 U.S. 134, 139-40 (1944)). In Skidmore, the Supreme Court held that "'interpretations and opinions' of the relevant agency, 'made in pursuance of official duty' and 'based upon . . . specialized experience,' 'constitute[d] a body of experience and informed judgment to which courts and litigants [could] properly resort for guidance,' even on legal questions." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 388 (2024) (quoting Skidmore, 323 U.S. at 139-40). "The weight of such a judgment in a particular case will depend upon the thoroughness evident in its

consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade . . . ." Skidmore, 323 U.S. 134 at 140.

Here, the Letter's purported WOTUS determination is based entirely on representations made by the Defendants and is not substantiated by thorough reasoning or documentary evidence independent from that provided by Defendants. Defendants have failed to provide any evidence that the Army Corps of Engineers "consulted appropriate sources, employed sensible heuristic tools, and adequately substantiated its ultimate conclusion." Doe v. Leavitt, 552 F.3d 75, 82 (1st Cir. 2009) (articulating "the most salient of the factors that inform an assessment of persuasiveness" under Skidmore). Therefore, the Letter lacks the power to persuade. At least one other court has similarly found an Army Corps of Engineers WOTUS determination to be lacking the power to persuade under Skidmore because of a threadbare record supporting the agency's conclusion. See Precon Dev. Corp. v. U.S. Army Corps of Eng'rs, 633 F.3d 278, 296–97 (4th Cir. 2011) ("Because the Corps' current administrative record contains no evidence of significance for us to review, we cannot find its conclusion that significance existed here persuasive.").

Second, even if the Letter possessed the power to persuade under Skidmore, Defendants are mistaken that the Army Corps of Engineers "has the final word" here. In a citizen suit under the CWA, the ultimate decision lies with the Court. See, e.g., Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc., 299 F.3d 1007, 1012 (9th Cir. 2002) ("Although the EPA or an authorized state agency[1] may be charged with enforcement of the Clean Water Act, neither the

---

[1] The U.S. Army Corps of Engineers is an "agency" on par with the EPA. See, e.g., Sackett v. U.S. E.P.A., No. 08-CV-185-N-EJL, 2008 WL 3286801, at *1 (D. Idaho Aug. 7, 2008) (overruled on other grounds) ("Congress delegated the authority for enforcement of CWA jointly to both the EPA and the Corps of Engineers, and gave both agencies a range of enforcement tools.").

text of the Act nor its legislative history expressly grants to the EPA or such a state agency the exclusive authority to decide whether the release of a substance into the waters of the United States violates the Clean Water Act."); San Francisco Baykeeper v. Cargill Salt Div., 481 F.3d 700, 706 (9th Cir. 2007) ("[W]e have held that a court may, in entertaining a citizen suit, decide whether a discharge of particular matter into navigable waters violates the CWA even though the regulating agency determined that the discharge was not subject to the requirement of a permit.").

**SO ORDERED.**

Dated: November 30, 2025

/s/ Margaret R. Guzman
The Hon. Margaret R. Guzman
United States District Judge