UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE BLACKSTONE HEADWATERS COALITION, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>GALLO BUILDERS, INC.,<br>RH GALLO BUILDERS, INC.,<br>ARBORETUM VILLAGE, LLC,<br>STEVEN A. GALLO, and<br>ROBERT H. GALLO,<br><br>　　　　Defendants. | Civil No. 4:16-cv-40053-MRG |

## MEMORANDUM & ORDER ON DILIGENT PROSECUTION

**GUZMAN, J.**

In a citizen suit under the Clean Water Act, the form of potential relief available to a successful Plaintiff is determined by the Court. See Tull v. United States, 481 U.S. 412, 427 (1987); 33 U.S.C. §§ 1319(d), 1365(d). One consideration for the Court is whether a citizen plaintiff may recover civil penalties, or only injunctive or declaratory relief. In making that determination, the Court must consider whether a state agency has diligently pursued a comparable action under the Clean Water Act, because if such a prosecution has occurred, Plaintiff may not recover civil penalties based on the same violations. Blackstone Headwaters Coal., Inc. v. Gallo Builders, Inc., 32 F.4th 99, 105 (1st Cir. 2022).

Before the Court is the question of whether the diligent prosecution bar to a citizen suit under the Clean Water Act should be determined by the judge or the jury in this trial. "[W]hen a

1

party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim." Perdoni Bros. v. Concrete Sys., Inc., 35 F.3d 1, 5 (1st Cir. 1994) (quoting Lincoln v. Board of Regents, 697 F.2d 928, 934 (11th Cir.) (collecting cases)). However, the calculus changes when a party waives their right to a jury trial on a particular issue. The Federal Rules of Civil Procedure provide that a party may waive their right to jury trial or specify those issues which they wish to be tried while excluding others from jury consideration. Fed. R. Civ. P. 38(c)–(d).  In this case, the Defendants moved, unopposed, to bifurcate the issue of the forms of potential relief from the jury trial on the merits. [See ECF No. 262]. In moving to bifurcate relief, the Defendants explicitly contemplated that determining relief and penalties will "present intensely factual issues" but that such determination should still "rest exclusively with the trial judge." [Id.] Accordingly, the Defendants have waived consideration of this issue by a jury.

      While case law suggests that the question of diligent prosecution "may be a fact-intensive question that can only be answered after the proper development of a record," see Ohio Valley Env't Coal., Inc. v. Maple Coal Co., 808 F. Supp. 2d 868, 883–84 (S.D.W. Va. 2011), sources also suggest it is a question reserved for the Court, see S. River Watershed All., Inc. v. DeKalb Cnty., Georgia, 484 F. Supp. 3d 1353, 1368 (N.D. Ga. 2020), aff'd, 69 F.4th 809 (11th Cir. 2023) ("It is *the Court's duty* to probe the government's prosecutorial vigor and events transpiring post-entry of the Consent Decree.") (emphasis added) (citation omitted)); Roanoke River Basin Ass'n v. Duke Energy Progress, LLC, No. 1:16CV607, 2017 WL 5654757, at *5 (M.D.N.C. Apr. 26, 2017) ("Congress also envisioned *that courts would consider* citizen suits 'against the background of the agency action' to assess the adequacy of the agency action." (emphasis added) (citing S. Rep. No. 92-414, at 80 (1971) as reprinted in 1972 U.S.C.C.A.N. 3668, 3746)).

Moreover, when the issue is among those excluded from jury consideration through bifurcation, the Court acts as the fact-finder in determining factual predicates for legal determinations reserved for the Court. See United States v. Dudley, 100 F.4th 74, 81 (1st Cir. 2024) ("[I]t is always permissible for a judge, acting in his capacity as a factfinder, to use his knowledge and experience to assess the credibility of witnesses and to evaluate the evidence.") (quoting United States v. Teixeira, 62 F.4th 10, 19 (1st Cir. 2023)); Williams v. Illinois, 567 U.S. 50, 69, 132 S. Ct. 2221, 2234–35, 183 L. Ed. 2d 89 (2012), abrogated on other grounds by Smith v. Arizona, 602 U.S. 779 (2024) ("In bench trials . . . the judge sits as the trier of fact"). The question of diligent prosecution is relevant only to the question of relief. The trial has been bifurcated at the request of the Defendants and with the assent of the Plaintiff, and the issue of relief has been specifically reserved for bench trial before the Court. Accordingly, it is the solely the Court which must consider and decide whether a state agency has diligently pursued a comparable action under the Clean Water Act.

**SO ORDERED.**

Dated: December 8, 2025

/s/ Margaret R. Guzman
The Hon. Margaret R. Guzman
United States District Judge